# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

**IN RE ROGER NEIL WELLS,**

    Debtor.

| | |
|---|---|
| **ROGER NEIL WELLS,** | )<br>) Case No. 1:06CV00103 |
|     Appellant, | )<br>) |
| v. | ) **OPINION**<br>) |
| **CHARLIE R. JESSEE, TRUSTEE,** | ) By: James P. Jones<br>) Chief United States District Judge |
|     Appellee. | ) |

*Roger Neil Wells, Pro Se Appellant; William E. Callahan, Jr., LeClair Ryan, A Professional Corporation, Roanoke, Virginia, for Appellee.*

By order entered September 21, 2006, the bankruptcy court dismissed Debtor's motion to be discharged in his Chapter 7 proceeding without prejudice on account of his failure to appear and prosecute it. The debtor filed a Notice of Appeal on September 25, 2006. He did not file a timely brief in this court as required by Bankruptcy Rule 8009(a) and on November 30, 2006, this court directed him to show cause why the court should not take action pursuant to Bankruptcy Rule 8001(a), which action may include dismissal of the appeal. He did not comply, although he

called the clerk of this court on December 20, 2006, stating that he was waiting on certain unnamed documents to submit to the court.

By order entered January 11, 2007, the court directed the debtor-appellant to file within 20 days a proper designation of the items to be included in the record on appeal and a statement of the issues to be presented on appeal, as required by Bankruptcy Rule 8006. He filed a document on January 31, 2007, stating that the issue on appeal was "that the Appellee, Charlie R. Jessee, Trustee, did not fulfill his fiduciary duties on the date that the Debtor's Motion to be Discharged from Chapter 7 was heard and dismissed." Nothing further was heard from the debtor-appellant and the appellee has now filed a Motion to Dismiss the Appeal for Failure to Prosecute. The debtor-appellant has responded to that motion and it is ripe for decision.

It is clear that the debtor-appellant is unable or unwilling to comply with the procedural requirements for an appeal. His only excuse as set forth in his response to the appellant's motion is that he intends to proceed "with Discovery."

Of course, an appeal is based on the record in the bankruptcy court and not on any new facts presented by the parties. Particularly since no error appears or has been suggested with respect to the bankruptcy court's order, and the debtor-appellant has

Case 1:06-cv-00103-JPJ-PMS   Document 11   Filed 05/14/07   Page 2 of 3   Pageid#: 82

been given sufficient opportunity to comply with the rules without result, it is appropriate to grant the appellee's motion and dismiss the appeal.

A separate order will be entered herewith.

DATED: May 14, 2007

/s/ JAMES P. JONES
Chief United States District Judge